Mar. 1841.

Clark
v.
Havens and
others.

---

## Clark *vs.* Havens and others.

Where a bill for the foreclosure of a mortgage has been filed, and notice of *lis pendens* has been filed in the proper office, under act of May 14, 1840, and the bill is afterwards amended by making new parties defendant, and no amended *lis pendens* is filed, the complainant cannot, under the present rules of the court, obtain a decree of sale at a special motion term; as the *lis pendens* does not comply with the act and the rule, in stating the names of the parties to the suit.

Form of an affidavit upon which to ground a motion for a decree of sale in foreclosure cases, under the new rules.

Bill to foreclose a mortgage. Complainant moves for a decree, at a special motion term, upon an affidavit, stating that a notice of the pendency of the suit was filed in September last, with the clerk of the proper county, in which notice the first named

defendant was alone described as defendant—that the bill was afterwards amended by making the three other defendants parties defendant; but it does not state that any new notice of the pendency of the suit with the additional names of the added defendants, was filed in the office of the county clerk; neither does it state whether the bill has been taken as confessed against any of the defendants as absentees, or not.

Mar. 1841.

Clark
v.
Havens and
others.

THE VICE CHANCELLOR. This affidavit is not sufficient. The "Act to reduce the expense of foreclosing mortgages in the court of Chancery," passed May 14, 1840. Section 8 prescribes the character and contents of the notice of the pendency of the suit, to be filed by the complainant in the office of the clerk of the county in which the mortgaged premises are situated. It is to contain, 1. The names of the parties to the suit, and the object of the suit; 2. The date of the mortgage, by whom and to whom executed; 3. The time when the mortgage was recorded, and the office in which it was recorded; 4. A description of the land mortgaged, &c. The 7th section provides that the Chancellor shall make such general rules as he may deem reasonable, for disposing of foreclosure cases where the bill has been taken as confessed, so as to dispense with entering such causes upon the calender, and bring the same to a hearing at other times than at a general term. In pursuance of this provision, the Chancellor has amended the 134th and 136th general rules of this court, to meet the expressed intentions of the legislature. By the 134th rule the complainant may apply for a decree upon any regular motion day. Upon

71

such application he must show, by affidavit or otherwise, 1. Whether the bill has been taken as confessed against any of the defendants as absentees, who have not appeared in the suit; 2. That a notice of the pendency of the suit, in the form prescribed by the above act, has been filed with the clerk of the county in which the mortgaged premises are situated, at least forty days previous to the hearing of the motion. The first branch of necessary proof is in place of the former affidavit of regularity, and is necessary to enable the court to determine whether the master's report complies with the provisions of the statute in relation to absent defendants. The second branch of proof is made necessary by the act of 1840. One would suppose that the directions of the rule and statute are so plain, that a solicitor who looked at either, could hardly make a mistake. Yet a great number of applications for decrees are constantly refused at every regular motion term, for defect in such proofs. In this case, after the filing of the notice of the pendency of the suit, the bill was amended by making new parties defendant. No new notice was filed. It is very clear that the notice first filed does not contain "the names of the parties to the suit" within the statute, as the case is presented for a decree. The *lis pendens* is not in the same suit in which a decree is asked, and does not meet the terms of the statute. If a complainant amends his bill by adding defendants, he must file a new notice of *lis pendens* in the county clerk's office, before he can obtain a decree in this speedy manner; and proof of such filing must be furnished at the hearing. In this case, too, the complainant has produced no proof whether his bill has been taken as confessed, against

any of the defendants as absentees, who have not appeared in the suit, as rule 134 requires. The first defect in the affidavit above suggested, is a failure to comply with the directions of the statute: the last is a failure to comply with the rule; and the complainant cannot have a decree upon these papers.(*a*)

(*a*) The following is submitted as a convenient and sufficient form of an affidavit upon which to ground a motion for a decree in foreclosure cases, where the bill has been taken as confessed.

*In Chancery, Eighth Circuit.*

   A. B.
     *vs.*
   C. D.

. . . . . . . County, ss. E. F. Solicitor for the complainant in this cause, being duly sworn, deposeth and saith, that the complainant's bill of complaint in this cause has not been taken as confessed against any of the defendants therein, as absentees who have not appeared in this suit (or that it has been taken as confessed against E. H. one of the defendants herein, by due legal proceedings against him as an absent or non-resident defendant) ; and that a notice of the pendency of this suit, in the form prescribed in, and containing the requisites required by, the act entitled, " An act to reduce the expenses of foreclosing mortgages in the court of Chancery," passed May 14, 1840. has been filed with the clerk of the county of . . . . . . . in which county the mortgaged premises described in this cause are situated, at least forty days previous to making this affidavit.

Sworn, &c.